**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Ubaldo Garfias-Chavez, | No. 21-1057 |
| Petitioner, | Agency No.    A205-296-973 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 18, 2023[**]
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Ubaldo Garfias-Chavez, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals's (Board) dismissal of his appeal

of the Immigration Judge's order denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture

(CAT). We review questions of law de novo, and factual findings for substantial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence. *See Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019). "Under the substantial evidence standard, we uphold the [Board's] determination unless compelled to conclude to the contrary." *Id.* (citation and internal quotation marks omitted). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

1.     Substantial evidence supports the Board's conclusion that Garfias could safely and reasonably relocate within Mexico. The Board properly assessed the relocation factors. *See Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004). It noted that there were places within Mexico that had lower levels of crime and it was unlikely that the rival family or criminal enterprises would look for Garfias outside of Michoacán. Additionally, the Board recognized that Garfias was young, was in good health, and had significant resources to help with his relocation. Although Garfias may disagree with how the Board weighed the evidence, nothing in the record compels a contrary conclusion. *See Singh*, 914 F.3d at 658.

2.     The Board concluded that Garfias did not meet his burden of establishing that he would be tortured upon his return to Mexico. Garfias did not challenge this conclusion; thus, he has forfeited this claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir. 1996). However, even if not forfeited, because substantial evidence supports the Board's conclusion that he could relocate within Mexico, the Board properly concluded that he is not eligible for CAT relief. *See* 8 C.F.R. § 1208.16(c).

21-1057

**PETITION DENIED.**

21-1057